**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

The Valspar Corporation, *et al.*,

                Plaintiffs,

v.

Kronos Worldwide, Inc., *et al.*,

                Defendants.

Civ. No. 13-3214 (RHK/LIB)
**MEMORANDUM OPINION
AND ORDER**

Richard Ihrig, James M. Lockhart, James P. McCarthy, John C. Ekman, Jessica L. Meyer, Lindquist & Vennum LLP, Minneapolis, Minnesota, for Plaintiffs.

Clifford M. Greene, Bethany D. Krueger, John W. Ursu, Greene Espel PLLP, Minneapolis, Minnesota, Paul E. Coggins, Kelly R. Vickers, Amanda L. Burcham, Locke Lord LLP, Dallas, Texas, for Defendant Kronos Worldwide, Inc.

**INTRODUCTION**

Plaintiff The Valspar Corporation ("Valspar")[1] is one of the largest paint and coating producers in the world. In order to manufacture its products, it utilizes titanium dioxide – a dry, powdered chemical used for whiteness and brightness – purchased from a number of suppliers, including Defendant Kronos Worldwide, Inc. ("Kronos"). In this action, Valspar alleges that Kronos and others conspired to artificially inflate titanium dioxide prices in violation of federal antitrust law. Presently before the Court is Kronos's Motion to sever Valspar's claims against it and transfer those claims to the United States

---

[1] There are actually two Plaintiffs, The Valspar Corporation and its wholly owned subsidiary, Valspar Sourcing, Inc. Following the parties' lead, the Court refers to them jointly as "Valspar."

District Court for the Southern District of Texas.  For the reasons that follow, its Motion will be granted.

## BACKGROUND

Over the years, Valspar has purchased significant quantities of titanium dioxide.  It alleges that as early as 2002, Kronos and others – including Millennium Inorganic Chemicals, Inc. ("Millennium"), Huntsman International LLC ("Huntsman"), and E.I. du Pont de Nemours and Company ("DuPont") – conspired with one another and others to manipulate, raise, or maintain the market and price for titanium dioxide sold in the United States.  According to Valspar, this conspiracy was successful and resulted in it paying "supra-competitive, artificially inflated prices."  (Compl. ¶¶ 30, 189.)

In 2010, several titanium dioxide purchasers commenced a class action against these alleged conspirators in the United States District Court for the District of Maryland, asserting that their conduct violated the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*  That lawsuit eventually settled, but Valspar, one of the class members, opted out of the settlement and decided to pursue litigation on its own.  Accordingly, in late 2013 it commenced the instant action against Kronos, Millennium, Huntsman, and DuPont, asserting that these Defendants unlawfully conspired to manipulate the market for titanium dioxide in the United States.  Pursuant to mandatory forum-selection clauses in their supply contracts, however, this Court severed the claims against Huntsman and DuPont and transferred them to the United States District Courts for the Southern District of Texas and the District of Delaware, respectively.

Following Huntsman's lead, Kronos now moves to sever the claims against it and transfer them to the Southern District of Texas. Its Motion has been fully briefed and is ripe for disposition.

## STANDARD OF REVIEW

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A court faced with a motion to transfer, therefore, must undertake a two-part inquiry. "The initial question . . . is whether the action might have been brought in the proposed transferee district. If so, the Court must [then] consider the convenience and interest of justice factors." Austin v. Nestle USA, Inc., 677 F. Supp. 2d 1134, 1136 (D. Minn. 2009) (Kyle, J.) (citation omitted).

As the text of Section 1404(a) makes clear, three general factors inform whether a district court should grant a motion to transfer: (1) the convenience of the parties, (2) the convenience of witnesses, and (3) the interests of justice. See Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). A district court may also consider any other factors it finds relevant. In re Apple, Inc., 602 F.3d 909, 912 (8th Cir. 2010) (*per curiam*); Terra Int'l, 119 F.3d at 691. There is no precise mathematical formula to be employed, and a district court enjoys "much discretion" when deciding whether to grant a motion to transfer. Id. at 697. Courts must be cognizant, however, that transfer motions "should not be freely granted." In re Nine Mile Ltd., 692 F.2d 56, 61 (8th Cir. 1982) (*per*

*curiam*), abrogated on other grounds by Mo. Hous. Dev. Comm'n v. Brice, 919 F.2d 1306 (8th Cir. 1990).[2]

## ANALYSIS

As noted above, the initial question to be answered here is whether Valspar's claims against Kronos "might have been brought" in the Southern District of Texas. Valspar argues that its claims could not have been brought in that District because jurisdiction over Kronos would be lacking there, but the Court does not agree. The record reflects that Kronos maintains a substantial customer-service office – which processes all of its orders for titanium-dioxide sales in the United States – in Houston, within the Southern District of Texas. Such substantial ties suffice to establish personal jurisdiction there. It makes no difference whether Kronos "resides" in Texas, as Valspar argues; a corporation may be subject to personal jurisdiction in several fora, including ones in which it does not "reside." See, e.g., Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 647-49 (8th Cir. 2003) (corporation subject to personal jurisdiction in any venue in which it has sufficient "minimum contacts" to satisfy due process). Moreover, venue would be proper in the Southern District of Texas for the same reason. See 28 U.S.C. § 1391(d) (in states comprising several judicial districts, venue is proper in any district in which a corporation would be subject to personal jurisdiction). Accordingly, the Court

---

[2] The Court recites here only the factors informing the transfer analysis, rather than those concerning severance. This is because "[s]everance . . . is committed to the Court's sound discretion, and in exercising that discretion, courts typically consider the same general factors elucidating the § 1404(a) analysis." Valspar Corp. v. E.I. DuPont de Nemours & Co., __ F. Supp. 2d __, 2014 WL 1607584, at *2 (D. Minn. 2014) (Kyle, J.).

concludes this action might have been brought in the Southern District of Texas. See, e.g., Klatte v. Buckman, Buckman & Reid, Inc., 995 F. Supp. 2d 951, 955 (D. Minn. 2014) (Kyle, J.) (action "might have been brought" in district where defendant was subject to personal jurisdiction and venue was proper).

The Court next turns to the § 1404(a) factors: party and witness convenience and the interests of justice. These factors militate in favor of transfer.

Convenience of the parties. In a typical case, the convenience-of-parties factor is neutral – usually the plaintiff has sued in its home forum while the defendant seeks transfer to its home forum, and the general rule is that "[t]ransfer should not be granted if the effect is simply to shift the inconvenience from one party to the other." Lyon Fin. Servs., Inc. v. Walls, Civ. No. 10-3788, 2011 WL 117239, at *2 (D. Minn. Jan. 13, 2011) (Kyle, J.) (internal quotation marks and citations omitted). This is not the typical case, however. True, Valspar calls Minnesota home, while Kronos is headquartered in Texas.[3] But notably, the Court has already transferred Valspar's claims against Huntsman to the Southern District of Texas. The fact that Valspar must marshal evidence in that District in order to proceed against Huntsman tips the scales in favor of transferring the claims against Kronos to that same court. See, e.g., Broadcom Corp. v. Agere Sys., Inc., No. 04-C-066-C, 2004 WL 1176168, at *3 (W.D. Wis. May 20, 2004) (convenience of parties is furthered by transferring action to district in which a related case is pending).

---

[3] Kronos's headquarters are in Dallas, in the Northern (not Southern) District of Texas, but it cannot seriously be disputed that litigating in the nearby Southern District of Texas would be more convenient for Kronos than litigating several states away in Minnesota.

<u>Convenience of witnesses.</u>  The convenience-of-witnesses factor generally is regarded as the most important in the inquiry.  E.g., <u>Austin</u>, 677 F. Supp. 2d at 1138.  In analyzing this factor, the Court "must examine the materiality and importance of the anticipated witnesses' testimony and then determine their accessibility and convenience to the forum."  <u>Reid-Walen v. Hansen</u>, 933 F.2d 1390, 1396 (8th Cir. 1991).  The focus is on non-party witnesses, since "it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily in a foreign forum." <u>Austin</u>, 677 F. Supp. 2d at 1138 (citation omitted).

Despite these well-settled tenets, the parties have made little effort to identify non-party witnesses or discuss the materiality of their expected testimony.  For its part, Valspar has not identified a *single* third-party witness who would be more (or less) burdened by litigating in Texas.  Kronos has done little more, although it *has* pointed specifically to one individual – Tim Hall, the manager of a titanium-dioxide joint venture (Louisiana Pigment Company ("LPC")) between Kronos and Huntsman – who works in Louisiana and for whom litigating in nearby Texas would be more convenient, albeit only marginally.  It has also pointed, more generically, to a group of Huntsman employees, none of whom lives or works in Minnesota but several of whom live in or near Texas; the materiality of their testimony is unclear from the record, however.

At bottom, therefore, this factor weighs only slightly in favor of transfer.

<u>Interests of justice.</u>  When analyzing this factor, courts consider (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a

- 6 -

fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine local law.  See, e.g., Cosmetic Warriors Ltd. v. Abrahamson, 723 F. Supp. 2d 1102, 1107 (D. Minn. 2010) (Kyle, J.) (citations omitted).  While certain of these items are irrelevant in the present case, on balance the pertinent considerations weigh strongly in favor of transfer.

*First*, as already discussed, judicial economy weighs in favor of transfer.  Valspar is currently litigating duplicative claims against Huntsman in the Southern District of Texas.  That court's familiarity with the facts and issues underlying these claims supports transfer of the related claims against Kronos.

To be sure, Valspar's claims against *Millennium* will remain in this Court regardless of the instant Motion, and hence Valspar argues that both this Court and the Southern District of Texas will be familiar with the facts and law undergirding its claims.  Yet, Valspar focuses much of its Complaint on LPC, a joint venture between Kronos and *Huntsman*.  In the Court's view, facts regarding this joint venture are more appropriately explored in one action against both Kronos and Huntsman, which can only be accomplished by transferring Valspar's claims against Kronos to the Southern District of Texas.  Furthermore, trying the claims against Kronos and Huntsman in one venue eliminates the possibility of inconsistent verdicts on those claims arising out of LPC.

*Second*, Valspar's inability to enforce a judgment in this state also favors transfer.  Kronos has no offices in Minnesota and there is no suggestion it has assets here, and hence Valspar appears unable to enforce a judgment against it in this state; notably, Valspar does not contend otherwise.  Continued litigation in Minnesota, therefore, would

result in the prospect of piecemeal litigation: the instant lawsuit, followed by litigation to enforce any resultant judgment in Texas, Kronos's home state.

*Third*, the comparative costs of litigation weigh in favor of transfer. Discovery related to LPC will take place in Louisiana or at Kronos's (or Huntsman's) offices, and hence litigating in Texas appears to be less costly than litigating in Minnesota. Moreover, Valspar is already litigating in Texas and has obtained local counsel there – an expense Kronos need not bear if the claims against it are transferred.

Valspar retorts that the interest-of-justice factor militated in its favor because its decision to sue here is entitled to substantial deference. Yet, a plaintiff's choice of forum is simply "one factor to be considered" in the analysis. Ahlstrom v. Clarent Corp., Civ. No. 02-780, 2002 WL 31856386, at *3 n.9 (D. Minn. Dec. 19, 2002) (Kyle, J.). That choice garners less weight where, as here, there is no apparent Minnesota connection to the underlying claims. See, e.g., GMAC/Residential Funding Corp. v. Platinum Co. of Real Estate & Fin. Servs., Inc., Civ. No. 02–1224, 2003 WL 1572007, at *2 (D. Minn. Mar. 13, 2003) (Kyle, J.). Here, the *only* obvious Minnesota connection is that Valspar is headquartered in this state – it has not argued that *any* of the facts supporting the alleged conspiracy transpired here. Valspar's choice of a Minnesota forum, therefore, does not significantly alter the analysis.

## CONCLUSION

To summarize, Valspar's claims against Kronos might have been brought in the Southern District of Texas, and all three of the relevant § 1404(a) considerations – the convenience of the parties, the convenience of witnesses, and the interests of justice –

- 9 -

favor transfer to that District.  Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED**:

1. Valspar's claims against Kronos are **SEVERED** pursuant to Federal Rule of Civil Procedure 21.  The Clerk of the Court is directed to establish a new docket number for the resulting case, to docket this Order as the first entry in the newly created case, and to attach all documents filed in this case up to the date of this Order to that first docket entry.  The plaintiffs in the newly created case are The Valspar Corporation and Valspar Sourcing, Inc.  The defendant in the newly created case is Kronos Worldwide, Inc.; and

2. Kronos's Motion to Transfer Venue (Doc. No. 115) is **GRANTED**, and the newly created case is **TRANSFERRED** to the United States District Court for the Southern District of Texas.  The Clerk of the Court is directed to take all steps necessary to effectuate this transfer in an expeditious fashion.

Date:  October 1, 2014                                      s/Richard H. Kyle
                                                                   RICHARD H. KYLE
                                                                   United States District Judge